UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: METHOD OF PROCESSING ) <br> ETHANOL BYPRODUCTS AND ) <br> RELATED SUBSYSTEMS ('858) PATENT ) <br> LITIGATION ) <br> ) <br> RELATED CASES: ) <br> ) <br> 1:13-cv-08015-LJM-DML ) | No. 1:10-ml-02181-LJM-DML |

## ORDER ON DEFENDANT WESTERN NEW YORK ENERGY'S MOTION TO STAY

Prior to transfer to this Court for participation in this Multi-District Litigation ("MDL") proceeding, Defendant Western New York Energy, LLC ("WNY Energy"), moved to stay litigation of Plaintiff CleanTech Corporation's claims against it pending the outcome of the multiple motions for summary judgment that were due to be filed in this action. Cause No. 1:13-cv-08015-LJM-DML, Filing No. 8. By the time WNY Energy's Reply was due, the Judicial Panel on Multi-District Litigation ("JPML") had issued its Conditional Transfer Order ("CTO"). *Id.* Filing No. 13, at p.1 & Ex. 1, thereto. On September 10, 2013, the case naming WNY Energy as a defendant was transferred here pursuant to the CTO. *Id.* Filing No. 14. Pursuant to 28 U.S.C. § 1407(b), this Court may rule on WNY Energy's Motion to Stay and now **DENIES** the motion.

In this MDL, CleanTech alleges that the Defendants infringe a family of patents directed to the recovery of oil from thin stillage, a byproduct of the process of manufacturing ethanol from corn. *See* Cause No. 1:13-cv-08015-LJM-DML, Filing No. 1, Compl. ¶¶ 6-11, 21-28 (factual allegations regarding ICM and WNY Energy); Master Docket Filing No. 448, Compl. ¶¶ 7-11, 22-29 (factual allegations against GEA

Mechanical Equipment US. Inc. ("GEA") and Defendants Big River Resources Galva, LLC and Big River Resources West Burlington, LLC (collectively, "Big River")). WNY Energy is an ethanol processor that allegedly uses Defendant ICM, Inc.'s centrifuges in its process to infringe CleanTech's patents. Cause No. 13-cv-08015-LJM-DML, Filing No. 1, Compl. ¶¶ 21-25. WNY Energy's case is one that was transferred to this Court after the MDL had been pending for nearly three years. Claim construction of the relevant patents in suit as well as the majority of fact discovery as to liability had also been completed by that time. Further, as WNY Energy points out in its motion, at the time its case was transferred to this Court, CleanTech and the original Defendants were in the process of preparing motions for summary judgment on issues of infringement and invalidity.

WNY Energy claims that a stay is proper because the issues may be narrowed by the pending motions for summary judgment. Specifically, a ruling in the Defendants' favor on invalidity will moot CleanTech's claims against WNY Energy. *Id.* Filing No. 13, at p.2. In addition, WNY Energy claims that rulings on the pending summary judgments could narrow the discovery needed in its case and save the parties money. *Id.* at 2-3. WNY Energy further argues that CleanTech would not be prejudiced by a stay. *Id* at 3.

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). With respect to issuing a stay, generally courts consider the stage of the litigation, whether a stay would unduly prejudice or tactically advantage the non-moving party and whether a stay would reduce the burden of litigation on the parties or the court. *See Ultratec, Inc. v. Sorenson Comm'ns, Inc.*, No.

13-cv-246-bbc, 2013 WL 6044407, at *2 (W.D. Wis. Nov. 14, 2013); *Izzo Golf, Inc. v. King Part Golf, Inc.*, No. 02-CV-6012 CJS, 2010 WL 86653, *2 (W.D.N.Y. Jan. 6, 2010).

Although a stay may have been warranted in the WNY Energy matter if it had not been transferred to this Court for consolidated proceedings, a stay now is not warranted. As the Court has stated or alluded to in other Orders since the transfer of the WNY Energy case along with the six other so-called "Tag-Along" cases, the Court, WNY Energy and CleanTech can all benefit from utilizing the discovery that has already occurred in this case to streamline discovery as against WNY Energy and facilitate decisions on the merits of summary judgment of infringement and invalidity much sooner without a stay. Further, it is not clear to the Court that CleanTech's infringement allegations against WNY Energy will rise or fall with CleanTech's infringement allegations against ICM because the elements of direct infringement are different from that of a contributory or inducing infringer. In other words, if a summary judgment motion on infringement is filed as regarding CleanTech's claims against ICM for contributory or inducing infringement, neither CleanTech nor ICM needs to mention or rely upon any facts pertaining to WNY Energy to prevail. As such, other than the invalidity issue there is little streamlining of discovery against WNY Energy to be had. Moreover, by becoming part of the MDL, WNY Energy now has access to all discovery that has been completed as to CleanTech on all liability issues in this case, which is surely to WNY Energy's benefit.

**CONCLUSION**

For the reasons stated herein, Western New York Energy, LLC's Motion to Stay, Cause No. 13-cv-08015-LJM-DML, Filing No. 8, is **DENIED**.

IT IS SO ORDERED this 24th day of March, 2014.

                                                                  _____
                                                                  LARRY J. McKINNEY, JUDGE
                                                                  United States District Court
                                                                  Southern District of Indiana

Distributed to all registered attorneys of record via CM/ECF.